■ SUSY DOLENDI, Respondent, v. BEN MAKSIKS, Doing Business as TOWN & COUNTRY CLUB, Appellant.— Order of the Supreme Court, Kings County, dated January 2, 1968, which granted defendant's motion to dismiss the action pursuant to CPLR 3012 (subd. [b]), "unless plaintiff serves a complaint within 10 days," etc., modified, on the law and the facts, by striking out the conditional

clause in the decretal paragraph, i.e., all the words after the word "granted". As so modified, order affirmed, with $10 costs and disbursements. For more than 14 months subsequent to defendant's service of a notice of appearance and a demand for a copy of the complaint in June, 1966, plaintiff failed to serve a copy of her complaint. In opposition to defendant's motion pursuant to CPLR 3012 (subd. [b]), plaintiff did not submit an affidavit of merits; and her attorney's allegation that plaintiff's absence from the state for a period of two years, beginning seven months prior to the service of the summons in June, 1966, disabled him in the preparation of a complaint is patently insufficient to justify the prolonged delay at bar (cf. *Gerson* v. *Finkelstein*, 29 A D 2d 552). Indeed, though we are unable to glean from plaintiff's attorney's meager affidavit the extent of the factual information which caused that attorney to commence the action at bar, we nevertheless note that an issue of professional ethics is, at least, raised by an attorney's commencement of an action while ignorant of the essential factual nature of his client's claim (see, Kaplan, Forgotten Canons, 33 N. Y. U. L. Rev. 652). Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.